**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

```
-------------------------------------------------------X
AMERICAN FIRE AND CASUALTY COMPANY    :    Docket No.:
                                      :
                                      :
                          Plaintiff,  :
                                      :
-vs.-                                 :
                                      :
AmGUARD INSURANCE COMPANY,            :
                                      :
                                      :
                          Defendant   :
-------------------------------------------------------X
```

**COMPLAINT**

The Plaintiff, American Fire and Casualty Company ("AFCC"), by and through its undersigned counsel, files this *Complaint* and respectfully states as follows:

**PARTIES**

1. The Plaintiff, American Fire and Casualty Company ("AFCC"), is a New Hampshire-domiciled insurance company with its principal place of business at 175 Berkley Street in Boston, Massachusetts.

2. The Defendant, AmGUARD Insurance Company ("AmGUARD"), is a Pennsylvania-domiciled insurance company with its principal place of business at 39 Public Square in Wilkes-Barre, Pennsylvania.

**NATURE OF THE ACTION**

3. AFCC brings claims against AmGUARD for equitable contribution, equitable subrogation, breach of contract, and unjust enrichment, on the basis that AmGUARD breached the terms of a Businessowners Insurance Policy (the "Policy") issued to NESC Holdings, LLC ("NESC"), the owner of the property located at 8-10 Dutton Street in Manchester, New

Hampshire (the "Property"), when it failed to provide insurance coverage to an insured under the Policy, Hinch-Crowley Realty Associates, LLC ("HCRA"), with respect to the allegations made in a suit captioned *Jeffrey Conn, as Administrator of the Estate of Kathryn Lee Conn v. NESC Holdings 1, LLC and Hinch-Crowley Realty Associates, LLC*, Docket No. 216-2022-CV-00318, currently pending in the Hillsborough County Superior Court, Northern District (the "*Underlying Suit*").

4. In the *Underlying Suit*, Jeffrey Conn, as Administrator of the Estate of Kathryn Lee Conn ("Conn"), seeks damages associated with the death of Kathryn Conn at the Property allegedly caused by negligent actions of HCRA, as the manager of the Property, and by negligent actions of NESC, as the owner of the Property.

5. When AmGUARD failed to provide defense to HCRA with respect to the allegations made in the *Underlying Suit*, AFCC, HCRA's commercial general liability's insurer, provided a defense to HCRA. AFCC now seeks equitable contribution and equitable subrogation from AmGUARD with respect to the defense costs paid by AFCC on behalf of HCRA, and equitable subrogation to HCRA's claims against AmGUARD for failing to provide it, as insured, with the defense under the Policy.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000. AFCC is a corporation domiciled in New Hampshire. AmGUARD is domiciled in Pennsylvania. Underlying damages exceed $75,000.00.

7. Pursuant to 28 U.S.C. § 1391, venue is appropriate in this Court because AFCC is domiciled within the District.

## FACTUAL BACKGROUND

### The Underlying Suit

8. NESC is the owner of a certain residential real estate located at 8-10 Dutton Street in Manchester, New Hampshire (the "Property").

9. On February 1, 2020, NESC entered into a Property Management Agreement (the "Agreement") with HCRA. A true copy of the *Property Management Agreement* is attached hereto as Exhibit A.

10. Under the Agreement, HCRA agreed to provide "property management services" to NESC at the Property.

11. NESC, in turn, agreed to defend and indemnify HCRA against all claims in connection with the Property arising, in whole or in part, from NESC's negligence.

12. On November 6, 2021, Kathryn Lee Conn died as a result of the fire at the Property.

13. On or about June 2, 2022, Jeffrey Conn filed a civil lawsuit captioned *Jeffrey Conn, as Administrator of the Estate of Kathryn Lee Conn v. NESC Holdings 1, LLC* and Hinch-Crowley Realty Associates, LLC, assigned Docket No. 216-2022-CV-00318, in the Hillsborough County Superior Court, Northern District (the "*Complaint*"). A true copy of the *Complaint* is attached hereto as Exhibit B.

14. The *Complaint* alleges that Kathryn Conn died as a result of the fire at the Property.

15. The *Complaint* further asserts that the fire was caused by the "inadequately maintained electric apparatus," *i.e.* electrical outlet on the first floor of the Property.

16. The *Complaint* asserts that, as the owner of the Property, NESC had a duty to

maintain the Property and that NESC breached its duty by failing to maintain the Property, including the electric outlet on the first floor of the Property. *Complaint*, ¶¶ 21-22.

17. The *Complaint* further asserts that NESC breached its duty of care by failing to maintain that, among other things, the electric outlet on the first floor of the Property. *Complaint*, ¶ 22.

18. The *Complaint* concludes that NESC's breach caused Kathryn Conn's death and associated damages. *Complaint*, ¶¶ 23-25.

19. The *Complaint* also asserts that HCRA, as a property manager, had a duty to ensure that the Property was safe and that HCRA breached that duty of care by failing to maintain the Property and failing to ensure that the outlet was safe. *Complaint*, ¶¶ 27-28.

20. The *Complaint* concludes that, by failing to ensure safe condition of the Property, HCRA caused Kathryn Conn's death and associated damages. *Complaint*, ¶¶ 29-31.

21. The *Complaint* asserts claims of negligence against each NESC and HCRA.

## The Relevant MMG Policy Provisions

22. AmGUARD issued a Businessowners Policy, No. NEBP174291 (the "Policy") to NESC for the December 9, 2020 to December 9, 2021 policy period (the "Policy"), a true copy of which (excluding Businessowners Coverage Form BP 00 03 01 10) is attached as Exhibit C hereto.

23. The Policy affords specified business liability and medical expenses coverage subject to a $1 million per occurrence limit and additional medical expenses coverage subject to a $5,000 per person limit.

24. The Policy's Schedule of Forms and Endorsements identifies Businessowners Coverage Form (BP 00 03 01 10) as an insuring agreement under which the coverage is provided by the Policy.

25. The standard Businessowners Coverage Form (BP 00 03 01 10) identifies NESC's "real estate manager" as an "insured" under the Policy. A true copy of a standard Businessowners Coverage Form (BP 00 03 01 10) is attached as Exhibit D hereto.

26. As a "real estate manager" responsible for management of the Property, HCRA is an insured under the Policy.

## Tender of Defense and Indemnity to MMG

27. By a letter dated August 12, 2022, AFCC tendered defense and indemnity of HCRA to AmGUARD. A true copy of AFCC's correspondence is attached hereto as Exhibit E.

28. AmGUARD failed to respond to AFCC's August 12, 2022 tender.

29. By a letter dated January 13, 2023, AFCC, once again, tendered defense and indemnity of HCRA in the *Underlying Lawsuit* to AmGUARD. A true copy of AFCC's correspondence is attached hereto as Exhibit F.

30. AmGUARD responded by requesting AFCC to advise it of the amount of defense costs paid to defend HCRA in the *Underlying Suit*. A true copy of AmGUARD's electronic correspondence is attached hereto as Exhibit G.

31. On January 30, 2023, AFCC responded to AmGUARD's request by providing requested information and, once again, requesting AmGUARD to accept the tender. A true copy of AFCC's electronic correspondence is attached hereto as Exhibit G.

32. AmGUARD did not respond to AFCC's January 30, 2023 communication.

33. To date, AmGUARD failed to accept tender and failed to provide defense and indemnity to its insured, HCRA, in the *Underlying Suit*.

34. AFCC defended and continues to defend HCRA in the *Underlying Suit* under a Commercial General Liability insurance policy it issued to HCRA.

35. To date, AFCC has incurred $10,150.00 in defense costs in the *Underlying Suit*.

36. Having paid for defense costs of HCRA, AFCC is subrogated to all of HCRA's rights.

*     *     *

## CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT

37. All of the allegations contained in Paragraphs 1 – 36 above are incorporated herein by reference.

38. AmGUARD issued a Businessowners Policy insurance policy to NESC that was in effect on November 6, 2021.

39. Under the terms and conditions of the Policy, AmGUARD is required to defend and indemnify HCRA, as an insured, with respect to the allegations of negligence made against it in the *Underlying Suit*.

40. AmGUARD refused to defend or indemnify HCRA with respect to the allegations made against it in the *Underlying Suit*.

41. In refusing to defend and indemnify HCRA, AmGUARD breached the Policy.

42. AmGUARD's breach of the Policy caused damages to AFCC in the full amount of the costs incurred in his defense.

## COUNT II – EQUITABLE SUBROGATION

43. All of the allegations contained in Paragraphs 1 - 42 above are incorporated herein by reference.

44. When AmGUARD failed to defend and indemnify HCRA under the Policy with respect to the allegations made in the *Underlying Suit*, AFCC provided a defense to HCRA under a commercial general liability policy it issued to HCRA.

45. AFCC is subrogated to HCRA's rights against AmGUARD, and it has the right of equitable subrogation against AmGUARD, with respect to all costs paid by AFCC on behalf of HCRA.

46. AFCC paid the defense costs to protect the interests of HCRA, as well as its own interests, and it was required to pay the defense costs in order to avoid liability in any potential claim against it for a breach of the implied covenant of good faith and fair dealing. AFCC did not act as volunteer in paying the defense costs.

47. AFCC is not primarily liable for the obligation to pay the defense costs in the *Underlying Suit*; instead, AmGUARD is primarily liable to pay HCRA's defense costs in the *Underlying Suit*, because, under the provisions of the Policy, AmGUARD is required to defend and indemnify HCRA, as an insured, with respect to the allegations of negligence made against it in the *Underlying Suit*. Moreover, allowing equitable subrogation against AmGUARD for the costs of HCRA's defense will not work any injustice to the rights of any third party.

48. Under the principles of equitable subrogation, AFCC is entitled to recover from AmGUARD for the payment of the defense costs it incurred to defend HCRA against the *Underlying Suit*, which is an amount in excess of $10,150.00.

## COUNT III – EQUITABLE CONTRIBUTION

49. All of the allegations contained in Paragraphs 1- 48 above are incorporated herein by reference.

50. After receiving a copy of the *Complaint* in the *Underlying Suit*, AFCC reached out to AmGUARD, informing AmGUARD that AFCC believed that AmGUARD should be defending HCRA with respect to the allegations set forth in the *Underlying Suit*, because, under the provisions of the Policy, AmGUARD is required to defend and indemnify HCRA, as an insured under the Policy, with respect to the allegations of negligence, inasmuch as the *Complaint* asserts a claim of negligence against HCRA, as a property manager at the Property.

51. AmGUARD did not accept AFCC's request to defend and indemnify HCRA in the *Underlying Suit*.

52. AFCC is entitled to contribution from AmGUARD for the payment of the costs of defense of HCRA in the *Underlying Suit*, because AFCC paid such costs and is entitled to be reimbursed by AmGUARD, as AmGUARD is primarily liable for the attorneys' fees and costs expended by AFCC to defend HCRA in the *Underlying Suit*.

## COUNT IV – UNJUST ENRICHMENT

53. All of the allegations contained in Paragraphs 1- 52 above are incorporated herein by reference.

54. AmGUARD issued a Businessowners Policy insurance policy to NESC that was in effect on November 6, 2021.

55. Under the terms and conditions of the Policy, AmGUARD is required to defend and indemnify HCRA, as an insured with respect to the allegations of negligence made against it in the *Underlying Suit*.

56.     AmGUARD failed to defend or indemnify HCRA with respect to the allegations made against it in the *Underlying Suit*.

57.     AFCC paid the defense costs in the *Underlying Suit* to protect the interests of HCRA, as well as its own interests, and it was required to pay the defense costs in order to avoid liability in any potential claim against it for a breach of the implied covenant of good faith and fair dealing.

58.     AmGUARD unfairly benefited and was unjustly enriched by retaining the defense costs it was required to pay under the Policy.

59.     AmGUARD unfairly benefited and was unjustly enriched by AFCC paying the defense costs AmGUARD was required to pay under the Policy.

60.     AmGUARD's unjust enrichment is to the detriment of AFCC where, at all relevant times, AFCC paid the defense costs AmGUARD is required to pay under the Policy.

61.     AFCC is entitled for the repayment of the costs of defense it incurred in the *Underlying Suit*.

## PRAYER FOR RELIEF

WHEREFORE, for all of the foregoing reasons, AFCC respectfully requests judgment against AmGUARD as follows:

a.     Finding that AmGUARD breached its contract of insurance by failing to defend and indemnify HCRA against the allegations in the *Underlying Suit*, entitling HCRA or its subrogee to recover all sums incurred as a consequence of said breach, including without limitation the fees and costs of HCRA's defense in the *Underlying Suit*;

b.     In the alternative, granting AFCC equitable subrogation against AmGUARD with respect to the fees and costs that it paid to defend HCRA against the *Underlying Suit*;

    c.    In the alternative, granting AFCC equitable contribution from AmGUARD, in whole or in part, with respect to the fees and costs that it paid to defend HCRA against the *Underlying Suit*;

    d.    In the alternative, finding that AmGUARD was unjustly enriched and ordering AmGUARD to reimburse the fees and costs of HCRA's defense in the *Underlying Suit*;

    e.    Ordering AmGUARD to defend and indemnify HCRA in the *Underlying Suit*;

    f.    Costs and interest on the same, from the date that such sums were incurred to the entry of judgment;

    g.    Interest on all sums from the date that judgment is entered until such sums are paid in full;

    h.    AFCC's attorneys' fees and costs incurred in this action; and

    i.    Such other and further relief as to this Court seems just and proper.

    Respectfully submitted,

    **AMERICAN FIRE AND CASUALTY COMPANY**

    By its attorneys,

    SULLOWAY & HOLLIS, P.L.L.C.

By:    /s/ Iryna N. Dore
    Alexander G. Henlin (# 17112)
    Iryna N. Dore (#19284)
    9 Capitol Street
    Concord, New Hampshire 03301
    (603) 223-2800 telephone
    (603) 226-2404 facsimile
    ahenlin@sulloway.com
    idore@sulloway.com

Dated: March 21, 2023